UNITED INSURANCE COMPANY, Respondent, vs. RUBEN and others, Appellants.

*November 7—December 6, 1932.*

For the appellants there were briefs by *M. J. Levin* of Milwaukee, and oral argument by *Mr. Levin* and *Mr. Elmer M. Leesman.*

For the respondent there was a brief by *Gold & McCann,* and oral argument by *W. G. Sullivan,* all of Milwaukee.

WICKHEM, J. This appeal presents a single question. Does it appear from the facts alleged in the complaint that the defendants undertook and agreed, in consideration of an extension of the indebtedness, to pay the principal sum of the extended note at maturity, or was the agreement as disclosed by the complaint simply one to pay the interest and to perform such covenants in the trust deed and note as related to the preservation of the security? It is the contention of the defendants that the note plainly obligates the defendants only to pay the interest and to preserve the security. This contention is based upon the fact that the first paragraph of the promissory portion of the contract is an agreement on the part of the holder of the note to extend

for five years, provided the defendants shall promptly pay interest and keep and perform the covenants and agreements of the note and trust deed. Thus, in the first paragraph the statement of what the defendants will do is claimed to state merely a condition precedent to the first party's agreement to grant an extension. In the second paragraph the second party agrees to and accepts the extension upon the conditions stated in the first paragraph. Defendants contend that they are not thereby obligated to perform the covenants, but that a failure to perform merely terminates the obligation of the first party to extend.

We think this contention cannot be sustained. A fair construction of the contract leads to the conclusion that there is an agreement upon the part of defendants to perform the conditions upon which the extension was granted, and that this agreement constitutes the consideration for the extension. The sole remaining problem is to ascertain whether the conditions included an agreement to pay the principal sum of the note. We conclude that they did not. While there is an agreement to "keep and perform all and singular the covenants and agreements in said note and trust deed contained," and while, literally and standing alone, this might be held to include an agreement to pay the principal sum, the contract unambiguously indicates that such was not the intention of the parties. It is clear that the extension is granted in consideration of a promise on the part of defendants *to perform during the extension period* certain covenants of the note and trust deed. Obviously, it was not contemplated that the payment of the note should be made during the extension period, for this would be repugnant to the purposes of an extension agreement.

The second paragraph of the contract provides that in case of a failure to *keep and perform any one of the covenants and agreements contained in the note and trust deed,* the agreement shall at once become null and void, *and the*

*note itself due and payable.* It is obvious that this cannot relate to a failure to pay the principal sum of the note, because there was no such obligation during the extension period. This paragraph indicates plainly that the covenants and agreements contained in the note and trust deed, and which are to be performed by the defendants during the extension period, are something other and different from the covenant to pay the principal sum. The conclusion is inevitable, in our judgment, that the defendants obligated themselves to pay the interest and to perform such covenants of the note and trust deed as related to the preservation of the security. This is expressly stated to be the consideration, and no question is raised as to its sufficiency to support the agreement. The contention that the contract is sufficiently ambiguous to admit of parol evidence for purposes of interpretation naturally fails, in view of these conclusions, for we think the agreement is neither ambiguous nor subject to the construction sought to be placed upon it by plaintiff. The language will not accommodate itself to a parol showing that the parties intended to assume the principal sum of the note, and inasmuch as the agreement states that defendants' performance is to be the consideration for the extension, we think no evidence of any other or further consideration in the form of an oral agreement to pay the principal sum would be admissible. Under these circumstances, the allegations in the complaint that defendants agreed to pay the principal sum of the note and trust deed is not supported by the agreement, which is attached as an exhibit to the complaint, and the doctrine of *John O'Brien Lumber Co. v. Wilkinson,* 117 Wis. 468, 94 N. W. 337, applies. In that case there was an allegation that the contract in suit imposed on appellants the duty of obtaining the cars upon which they had agreed to load logs. This court said:

"This allegation cannot change the situation. The assertion of plaintiff's duty under the written contract is, of

course, only a declaration of the pleader's construction, and of no force unless supported by the writing itself."

We think the same comment is applicable to the allegation in the complaint that the defendants agreed and promised to pay the note.

For the foregoing reasons the order must be reversed.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to sustain the demurrer.